CITY OF MUSKEGON HEIGHTS v MOSELER

Docket No. 106248. Submitted February 15, 1989, at Grand Rapids.
   Decided March 28, 1989.

   Muskegon Community Alternative Program, Inc. (MCAP), a pri-
   vate, nonprofit corporation which had entered into a contract
   with the Michigan Department of Corrections under which
   MCAP was to maintain a facility to be utilized as a probation
   residential center, entered into an agreement to lease a build-
   ing owned by Sidney Moseler which was located in the commer-
   cial district of the City of Muskegon Heights and which was to
   be the site of MCAP's center. The city filed a complaint in the
   Muskegon Circuit Court against Moseler and MCAP seeking an
   order restraining defendants from entering into a lease agree-
   ment and from occupying the building, alleging that the build-
   ing violated city building and fire codes and that the zoning
   ordinance proscribed the use of the building as a probation
   residential center. The court, Ronald H. Pannucci, J., granted
   summary disposition in favor of defendants on the basis that
   plaintiff did not have authority to prohibit use of property as a
   residential center because the program was funded and con-
   trolled by the state Department of Corrections and the Depart-
   ment of Corrections is immune from local zoning ordinances
   when establishing state penal institutions. Plaintiff appealed.

   The Court of Appeals *held:*

   Where the Department of Corrections enters into a contract
   whereby a private property owner is to maintain and operate a
   probation residential center, the private property owner re-
   mains subject to applicable local zoning ordinances.

   Reversed.

ZONING — PROBATION RESIDENTIAL CENTERS — DEPARTMENT OF COR-
      RECTIONS — PRIVATE PROPERTY OWNERS.

   The Department of Corrections is immune from local zoning
   ordinances when establishing state penal institutions where it

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 8-12; Zoning and
   Planning §§ 149, 150.
See the Index to Annotations under Exemptions and Exclusions;
   Zoning.

will have active participation in the operation of the facility; however, where the Department of Corrections enters into a contract whereby a private property owner is to maintain and operate a probation residential center, the private property owner remains subject to applicable local zoning ordinances.

*Rose & Rose* (by *James M. Rose*), for plaintiff.

*Libner, Van Leuven & Kortering, P.C.* (by *Vernon D. Kortering* and *Daniel F. Bonner*), for Muskegon Community Alternative Program, Inc.

Before: HOOD, P.J., and WAHLS and NEFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Muskegon Circuit Court granting summary disposition to defendants on the basis that plaintiff did not have authority to prohibit use of property as a residential center. We reverse.

Defendant, Muskegon Community Alternative Program, Inc. (MCAP), is a private, nonprofit corporation which entered into a contract with the Michigan Department of Corrections under which MCAP was to maintain a facility to be utilized as a probation residential center.

Plaintiff learned that MCAP and defendant Sidney Moseler had entered into an agreement to lease a building owned by Moseler and located in plaintiff's commercial district which was to be the site of MCAP's center.

Plaintiff thereupon filed a verified complaint seeking an order restraining defendants from entering into a lease agreement and from occupying the building, alleging that the building violated city building and fire codes and that the zoning ordinance proscribed the use of the building as a probation residential center.

In its answer, MCAP raised the following affirmative defense:

Since the Program is totally funded and controlled by the Michigan Department of Corrections and houses state probationers, the Plaintiff's "zoning ordinance is void to the extent that it attempts to prohibit the use of the subject property as a rehabilitation center." *Dearden v City of Detroit,* 403 Mich 257; 269 NW2d 139 (1978). Therefore, Plaintiff's complaint fails to state a claim on which relief can be granted.

The trial court granted summary disposition to defendants, and plaintiff appeals as of right.

In *Dearden v Detroit, supra,* our Supreme Court held that the Department of Corrections was immune from local zoning ordinances when establishing state penal institutions. In that case, however, the rehabilitation center in question was to be operated directly by the Department of Corrections.

In *Detroit v Volunteers of America,* 169 Mich App 465; 426 NW2d 743 (1988), this Court held that *Dearden* is not to be expanded to include situations such as that presented here, where a party other than the state is to operate the facility. The facts in this case are almost identical to those presented in *Volunteers of America,* and we concur with and adopt the reasoning of that panel.

Reversed.